# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Eric Blackmon, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 11-cv-2358 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| Randy Pfister, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION & ORDER

The Court denies Respondent's motion to limit the scope of discovery and evidentiary hearing [85].

## STATEMENT

This a *habeas corpus* case on remand from the Seventh Circuit. Pursuant to the panel's mandate, this Court must hold an evidentiary hearing to determine whether petitioner Eric Blackmon ("Blackmon") merits Section 2254 relief due to his trial counsel's constitutionally deficient performance.

By way of background, Blackmon was convicted of murder and sentenced to jail in 2004, after which he filed for post-conviction relief on the basis of (1) his innocence and (2) ineffective assistance of counsel. The state courts, however, summarily rejected those claims. Unsatisfied, Blackmon filed an identical Section 2254 petition in federal court, claiming that he was innocent and that his trial counsel was ineffective for failing to call an eye witness, Richard Arrigio, and seven alibi witnesses. But this Court initially denied the petition, finding that the state courts reasonably rejected both ineffective-assistance claims and that Blackmon failed to show his innocence.

On appeal, the Seventh Circuit affirmed the Court's assessment of Blackmon's innocence and the ineffective-assistance claim regarding Arrigio. Nonetheless, the panel found the state court's summary rejection of the alibi-witness claim to be troubling:

> The record before us supports the conclusion that Blackmon's trial counsel was constitutionally ineffective by failing to investigate the alibi witnesses and shows that the state court's summary dismissal of the claim was unreasonable. . . . Because of that summary dismissal, the alibi witnesses have not yet been tested in any sort of adversary proceeding, and the record contains no evidence from Blackmon's trial counsel as to what he did or did not do. . . . Under these circumstances, an evidentiary hearing is needed to develop the record on (1) the extent of counsel's actual pretrial investigation and (2) what these witnesses would have said if called to testify at trial.

*Blackmon v. Williams*, 823 F.3d 1088, 1107 (7th Cir. 2016). Since the mandate was issued, however, it seems Blackmon wishes to expand the scope of the hearing and call several "new" witnesses: Bruce Cowan (Blackmon's trial counsel); Robert Murbach (the investigator Cowan used to prepare for trial); and four additional alibi witnesses (one of whom testified at trial). Respondent Randy Pfister ("Pfister") now moves to prohibit those "new witnesses" from testifying.[1] For the following reasons, the Court denies Pfister's motion.

## ANALYSIS

The crux of Pfister's argument involves two related statutes: Section 2254(e)(2), which precludes federal courts from holding *habeas* evidentiary hearings where the petitioner failed to develop the basis of his claim in state court, 28 U.S.C. § 2254(e)(2), and Illinois' "affidavit rule," which requires a prisoner seeking post-conviction relief to attach supporting documents such as

---

[1] Pfister's initial motion further sought to limit the scope of discovery and preclude Blackmon from presenting an alternative legal theory (actual innocence). But the parties have since indicated that they resolved these disputes. (*See* Blackmon's Response [Dkt. # 91] at 2-4; Pfister's Reply [Dkt. # 92] at 2-4.)

2

affidavits to the petition in order to establish a threshold constitutional claim (which would warrant an evidentiary hearing), 725 Ill. Comp. Stat. § 5/122-2.[2]

Relying on *Holland v. Jackson*, Pfister argues that "28 U.S.C. § 2254(e)(2) prevents a witness's testimony from being 'the subject of an evidentiary hearing' in federal court unless the petitioner was 'diligent in pursuing [that witness's] testimony' in state court." (Pfister's Reply [Dkt. # 92] at 4) (citing 542 U.S. 649 (2004)). Thus, because Blackmon never attached any affidavits from the "new witnesses" in his state-court post-conviction petitions — a point that Blackmon does not dispute — it follows that he effectively forfeited (or defaulted on) his claims regarding these witnesses at the state-court level, and by extension he cannot now present them at the federal hearing. But this argument misreads *Holland* and the applicable legal principles.

First, *Holland* is distinguishable. There, the petitioner had already been granted an evidentiary hearing on a post-conviction ineffective-assistance claim, which the trial court denied. *Id.* at 651-52. Years later, the petitioner then filed a second petition based on "newly discovered evidence" — the girlfriend of the state's only eye-witness, whom the petitioner claimed would refute the state's testimony. *Id.* at 652. But the state courts rejected his claim as nothing more than an "unsubstantiated allegation," which, even if true, would not have contradicted the state's evidence. *Id.* Undeterred, the petitioner tried to introduce the new witness statement through a separate federal *habeas* proceeding, which the Sixth Circuit found meritorious. The Supreme Court reversed, however, noting that the lower federal courts never made a finding that the petitioner was diligent in pursuing the new witness's testimony (as required by Section 2254(e)(2)) and that, in any event, his seven-year delay foreclosed such a finding. *Id.* at 652-53. No similar criticism can be made of Blackmon: he never delayed in

---
[2] An exception exists where the certain affidavits or evidence cannot be obtained and the petitioner provides an adequate explanation, 725 Ill. Comp. Stat. § 5/122-2, but this exception is immaterial here.

presenting the substance of his ineffective-assistance claim to the state courts; nor was he given the opportunity to fully and fairly develop his claims at a hearing.

This latter consideration also dovetails with a second and more fundamental point: the principles of exhaustion discussed in *Holland* are inapplicable here. The language of Section 2254(e)(2) itself speaks of precluding "claims" (as opposed to evidence or witnesses) where the petitioner was undiligent in developing a claim's "factual *basis*" in state court. 28 U.S.C. § 2254(e)(2) (emphasis added); *see also Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001) (explaining that exhaustion under Section 2254(e)(2) requires only that the prisoner give "the state courts a meaningful opportunity to pass upon the substance of [his] claims"). Blackmon did just that by substantiating his ineffective-assistance claim at the state-court level with the affidavits of seven alibi witness, which is all that Illinois law required. *See People v. Hodges*, 912 N.E.2d 1204, 1208 (Ill. 2009) (explaining that the purpose of the affidavit rule is simply "to establish that a petition's allegations are capable of objective or independent corroboration").

Neither Section 2254(e)(2) or the affidavit rule, however, suggests that a petitioner's failure to include *every* piece of evidence supporting a constitutional claim in a state-court post-conviction application bars the introduction of that evidence at the fact-finding stage. Federal courts routinely permit prisoners to "expand the record" or "reformulate" their claims so long as the "substance of [the] argument remains the same," *Boyko*, 259 F.3d at 788, which is exactly what Blackmon seeks to do. Indeed, the Seventh Circuit appears to have contemplated this precise scenario in its remand order:

> We see no reason why Blackmon would not be able to call the salon witnesses, Latonya Thomas and Lajuan Webb, as witnesses in the evidentiary hearing on remand. We have explained why an independent claim of ineffective assistance based on their testimony has been procedurally defaulted (i.e., forfeited). Nevertheless, their testimony might well corroborate the testimony of the alibi witnesses from the barbecue and thus be relevant to the factual findings the

district court will need to make at least on the prejudice prong of the *Strickland* analysis.

*Blackmon*, 823 F.3d at 1107 n.4. Much like the salon witnesses, the testimony of the new alibi witnesses may serve to corroborate the others, and the testimony of Cowan and his investigator is potentially relevant to the nature and extent of Cowan's pretrial investigation. Accordingly, the Court declines to bar Blackmon from presenting these witnesses, as they are each critical to the Seventh Circuit's mandate — to determine if he "is actually in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at 1092.

## **CONCLUSION**

For the reasons set forth above, the Court denies Respondent's motion to limit the scope of discovery and evidentiary hearing [85].

**SO ORDERED.**  ENTERED:  January 24, 2017

_Ronald A. Guzmán_
_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**